MEMORANDUM **
California state prisoner Bryan E. Ransom appeals pro se from the district court’s judgment dismissing his 28 U.S.C. § 2254 petition, and the district court’s order denying his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Ransom contends that the district court erred in dismissing his petition as procedurally defaulted because he presented evidence that he was actually innocent of a serious rules violation which he contends resulted in his placement in a Security Housing Unit (“SHU”). Because the record reflects that Ransom was placed in SHU as a result of safety concerns, and not as a result of a rules violation, Ransom *949 cannot overcome procedural default based upon actual innocence. Cf. Smith v. Baldwin, 510 F.3d 1127, 1139-40 (9th Cir.2007) (en banc). In addition, Ransom has failed to raise “specific factual allegations that demonstrate the inadequacy” of the procedural basis relied on by the California Supreme Court. See Cooper v. Brown, 510 F.3d 870, 1001 (9th Cir.2007) (quoting Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir.2003)).
Ransom further contends that the district court erred by summarily dismissing as non-cognizable his claim that he is entitled to release under Cal.Code Regs, tit. 15, § 3076(d). To the extent that this claim rests on the contention that prison officials declined to follow state law, we conclude it is not cognizable. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.1997). To the extent that Ransom contends that his detention in SHU violated due process, we conclude that Ransom received the due process protections to which he was entitled. See Wilkinson v. Austin, 545 U.S. 209, 228-29, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.